# FRIEDMAN, JAMES & BUCHSBAUM

ATTORNEYS AT LAW
15 MAIDEN LANE
SUITE 1202
NEW YORK, NY 10038

(212) 233-9385
FAX (212) 619-2340
www.friedmanjames.com

BERNARD D. FRIEDMAN
JOHN P. JAMES
ANDREW V. BUCHSBAUM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/1/2025

June 30, 2025

**BY ECF**

Honorable Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re: **John Hardy v. HNY Ferry LLC, et al.
25 cv-4359 (MMG)(HJR)**

Dear Judge Garnett:

We represent plaintiff John Hardy in the captioned Jones Act personal injury action. We write seeking an adjournment of the July 11, 2025 initial conference due to the bankruptcy of the Hornblower defendants and a stipulation which prohibited further prosecution of the above-captioned matter.

Initially, we have not copied all counsel of record in the action because the Summonses and Complaint have not been served and, accordingly, no counsel have appeared. The reason for the Summonses not having been served is that all but two defendants are debtors in a bankruptcy action pending in the United States Bankruptcy Court, Southern District of Texas, Houston Division, case number 24-90155 (MI).

Mr. Hardy's claim is being pursued pursuant to the Jones Act, 46 U.S.C. § 688. The statute of limitations for filing a Jones Act claim is three (3) years from the date of accident/injury. Mr. Hardy's accident occurred on June 1, 2022, thus the three-year statute of limitations expired May 31, 2025. The Jones Act requires the action be brought within three years after the cause of action arose and is deemed a substantive right rather than a mere statute of limitations. Accordingly, it cannot be extended beyond three years, nor can such extension be

Honorable Margaret M. Garnett
United States District Court
Southern District of New York
June 30, 2025
Page 2

waived by the defendants. *Engel v. Davenport*, 271 U.S. 33 (1926); *Atlantic Coast Line R. Co. v. Burnette*, 239 U.S. 199 (1915). In view of the foregoing, we and the firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, attorneys for the various Hornblower parties in the Texas bankruptcy action, agreed to and executed a written Stipulation that John Hardy was permitted to file this action, but could take no steps other than filing the Complaint and having Summonses issued, without further stipulation or leave of the Texas bankruptcy court.

We are in discussions with the Hornblower defendants' insurance carrier regarding possible settlement of the action, but failing an agreement, it will be necessary to work with Hornblowers' bankruptcy counsel to discuss further relief so we can proceed with this action without violating the Bankruptcy Stay. If we are unable to resolve the case via direct settlement, we will need to have discussions with the Hornblower entities and their bankruptcy counsel to resolve the insurance coverage availability due to the peculiar and unique structure of Protection and Indemnity insurance coverage that applies in this action.

Accordingly, we respectfully request the Court adjourn the scheduled Initial Conference to a later date to permit the parties sufficient time to reach a resolution and/or agree to an appropriate stipulation for submission to the bankruptcy court permitting the action to proceed. We are available at any time should the Court require further information or a conference.

Thank you for your consideration of our request.

Respectfully,

FRIEDMAN, JAMES & BUCHSBAUM LLP

John P. James

JPJ:kk

---

GRANTED. The Initial Pretrial Conference previously scheduled for July 11, 2025 is hereby ADJOURNED *sine die*. The deadline for the parties' joint pre-conference submissions is likewise ADJOURNED *sine die*. Plaintiffs are ORDERED to submit a status update on the matters raised in this letter to the Court by August 18, 2025.

SO ORDERED. Dated: 7/1/2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE